UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin,<br><br>　　　　Plaintiff,<br>　v.<br><br>City Pages & Michael Mullen,<br><br>　　　　Defendants. | Case No.: 19-cv-472 (DWF/TNL)<br><br>**DECLARATION OF ADAM BALLINGER IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DISQUALIFY AND STRIKE AFFIRMATIVE DEFENSES** |

I, Adam C. Ballinger, declare as follows:

1. I am a partner with the law firm of Ballard Spahr LLP, 2000 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402 ("Ballard"). I am licensed to practice law in the State of Minnesota and am admitted to practice before this Court. This declaration is based on my personal knowledge and records maintained by Ballard in the usual course of business. If sworn as a witness, I am competent to testify to the facts stated herein.

2. I began practicing at Lindquist & Vennum ("Lindquist") in 2008 and joined Lindquist's partnership in 2016.

3. Ballard Spahr LLP ("Ballard") acquired Lindquist in January 2018, at which time I became a member of Ballard's partnership.

4. In March 2018, I began representing Lindsey Middlecamp, Catherine Schaefer, and Grace Miller on a *pro bono* basis in separate lawsuits Mr. Fredin had filed against them in the U.S. District Court for the District of Minnesota. *See also* Fredin Declaration (Dkt. 63) Ex. C. These cases are *Brock Fredin v. Lindsey Middlecamp*, No.

17-cv-3058 (SRN/HB); *Brock Fredin v. Grace Elizabeth Miller and Catherin Marie Schaefer*, No. 18-cv-466 (SRN/HB); and *Brock Fredin v. Elizabeth A. Clysdale et al.*, No. 18-cv-510 (SRN/HB).

5. Before I began representing Ms. Middlecamp, Ms. Schaefer, and Ms. Miller, I had Ballard's conflicts group run a check to determine whether Ballard would have any potential conflict arising out of such representation. The conflicts check found no previous representation or relationship that presented a potential conflict of interest.

6. I know Michael Olafson and Mark Jacobson from our time spent as colleagues in the same law firm. I was generally aware that, from time to time, they served as volunteer mediators in harassment disputes. However, I have never spoken to either Mr. Olafson or Mr. Jacobson about Mr. Fredin, this lawsuit, or any issue related to this lawsuit. I also have no recollection of speaking to them about the lawsuits in which I represent Ms. Middlecamp, Ms. Schaefer, and Ms. Miller.

7. Throughout the almost two years that I have been litigating against Mr. Fredin, he has never conveyed to me any belief or allegation that Ballard is somehow conflicted out of being adverse to him on the ground that attorneys associated with Lindquist and/or Ballard previously mediated disputes involving him. He has never even conveyed to me the allegation that legacy Lindquist attorneys mediated his disputes with Schaefer and Miller.

8. As of the date of filing this declaration, Mr. Fredin has not moved to disqualify me from representing Ms. Middlecamp, Ms. Schaefer, and Ms. Miller in his lawsuits against them.

DMNorth #7088714 v2

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 23rd day of December, 2019, in Minneapolis, Minnesota.

*s/ Adam C. Ballinger*
Adam C. Ballinger