UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BROCK FREDIN,<br><br>                    Plaintiff,<br><br>   --against--<br><br>CITY PAGES,<br>MICHAEL MULLEN<br><br><br>                    Defendants. | **DECLARATION OF BROCK FREDIN**<br><br>Case No.  19-CV-472-DWF-TNL |

STATE OF WISCONSIN         }
                                              ss:
COUNTY OF SAINT CROIX   }

BROCK FREDIN, being duly sworn, deposes and says:

1. I am the Plaintiff in the above-captioned proceeding.  I submit this declaration in support of a party admission to Lindquist and Vennum/Ballard Spahr's attorney-mediator violation.

## AUTHENTICATION OF DOCUMENTS

2. Attached hereto as **Exhibit A** is a true and correct copy of the January 31, 2020 party admission made by Peter R. Mayer in *Fredin v. Miller*, Case No. 19-CV-3051-SRN-HB.

3. Attached hereto as **Exhibit B** is a true and correct copy of a party admission contained in a December 21, 2017 Saint Paul Police department report by Catherine Schaefer in *Schaefer v. Fredin*, Case No. 62-HR-CV-16-411 identified with a report number 1728017.

4. Attached hereto as **Exhibit C** is a true and correct copy of a February 20, 2017 photograph of Lindquist and Vennum partner Michael Olafson.

**January 31, 2020 Lindquist and Ballard's Attorney-Mediator Party Admission**

5.     A party admission was made identifying Lindquist and Vennum/Ballard Spahr's mediation during the state court action originally filed in Ramsey County District Court captioned *Schaefer v. Fredin*, Case No. 62-HR-CV-16-411 ("*Schaefer v. Fredin*").  The party admission was made in an opposition memorandum signed by Dorsey and Whitney claims counsel Peter Lancaster and Eric R. Sherman who represent Dorsey associate Peter R. Mayer.  The party admission was made by Peter R. Mayer by way of his counsel on January 31, 2020 in a case pending in the District Court of Minnesota captioned *Fredin v. Miller*, Case No. 19-CV-3051-SRN-HB.

6.     Peter R. Mayer was the opposing adverse counsel representing Catherine Schaefer in *Schaefer v. Fredin*.  **On January 31, 2020, Mr. Mayer by way of his counsel stated a "mediation took place."**  (Dorsey. Opp. Mem. ¶ at p. 2 footnote 1.)  Specifically, the party admission was made identifying that Lindquist and Vennum partner Michael Olafson mediated between parties during the *Schaefer v. Fredin* action.

7.     I am completely certain that the attached photograph is the same Lindquist partner Michael Olafson.  (*See* Ex. C.)  This is the same Michael Olafson who mediated *Schaefer v. Fredin* over several months.  Moreover, the photograph includes Lindquist and Vennum/Ballard Spahr equity partner Adam C. Ballinger.  The photograph is taken from a Minnesota Lawyer magazine article.  (*See* https://minnlawyer.com/2017/02/20/attorneys-of-the-year-petters-ponzi-scheme-team/.)  And, I remember this very clearly because my then attorney, Nathan Hansen, mentioned Mr. Olafson's association to the Fingerhut/Tom Petter's litigation because I was employed by Fingerhut/BlueStem as a software developer on the checkout team.  For example, I personally built the       main       Fingerhut.com       signon       button:

https://drive.google.com/open?id=1QQsMq94UpaZdwOkTVZkV-GJII3AdjNZ4. This idea deliberately duplicated and was modeled after Amazon.com's sign-on button. My Fingerhut.com/BlueStem boss was Teddy Kim, with a degree from the University of Chicago, a licensed attorney, and software developer. Mr. Kim owns a Crossfit gym named Twin Town in Minneapolis with an address of 723 W 26th St, Minneapolis, MN 55405. (See https://breakingmuscle.com/coaches/teddy-kim; https://www.linkedin.com/in/tck517) In 2015, I took a Crossfit bootcamp class from Mr. Kim after work. Ms. Middlecamp referenced this attendance with her allegation that I was "kicked out of a local gym." (*See* [Doc 44] Pl. Nov. 19, 2019 Decl. Ex. A) I was never kicked out of the gym or threatened anyone. I showed up late to a weight training class and was refused entry due to tardiness. I continued to attend thereafter. The only reason that Ms. Middlecamp would have known about my attendance to this gym is through some attorney-mediator violation because of my Fingerhut.com employment.

8. I was unable to make a disqualification motion against Lindquist and Vennum/Ballard Spahr at any earlier pleading stage in this or any other action because I lacked sufficient evidence. My counsel in that state court action, Nathan Hansen, has refused to provide an affidavit to the same facts likely out of fear of retaliation from Lindquist and Vennum/Ballard Spahr. Nonetheless, Mr. Hansen's refusal violates Minn. R. Prof. Cond. Rule 1.15 and 1.16. This is particularly so where a party admission from adverse parties was made prior to Mr. Hansen's reasonable response. Mr. Hansen's failure to provide the requested admission prejudiced Lindquist and Vennum/Ballard Spahr including Michael Mullen and the *City Pages* in this action. Specifically, the basis for seeking disqualification rested on the October 28, 2019 freedom of information act ("FOIA") production provided by the City of Minneapolis. I was unable to seek

redress against Peter R. Mayer until I had the FOIA production indicating Mr. Mayer's alleged abuse of process which ultimately allowed me to force the above described party admission.

9.      Leita Walker's bad-faith and willful ignorance of the attorney-mediator violation is not a defense and made even more concerning considering that active Lindquist and Vennum/Ballard Spahr partners represent all adverse parties including Ms. Schaefer, Miller, and Middlecamp that were aware of the attorney-mediator violation. Ms. Walker was clearly aware or should have been aware of the attorney-mediator violation upon being retained by *StarTribune* in this case. Specifically, Lindquist and Vennum/Ballard Spahr has represented former Lindquist and Vennum associate Lindsey Middlecamp in an adverse action against me continuously from 2018 to present. Ms. Middlecamp is a source for the *City Pages* and Michael Mullen's article at issue in this action. At a minimum, Ms. Middlecamp had knowledge or arranged Lindquist and Vennum partners Michael Olafson and Mark Jacobson to conduct mediation and she herself was aware of the attorney-mediator violation. Furthermore, Catherine Schaefer and Grace Miller were adverse parties in the state court mediation action(s) and both have been represented by current and past Lindquist and Vennum/Ballard Spahr partners continuously in the same context. Ms. Schaefer and Miller are also sources and subjects of Michael Mullen and the *City Pages* article at issue in this action. Because Ms. Walker, by way of her firm, maintains an attorney-client relationship with Ms. Middlecamp, Schaefer, and Miller, Ms. Walker had access to this information at the outset of this action. Moreover, Ms. Walker has not identified any conflict(s) check process she took at the outset of this action that shed light on her bad-faith attorney-mediator violation.

## **Tainted Fair Report Privilege and Striking It as an Affirmative Defense**

10. Because Lindquist and Vennum/Ballard Spahr, including Ms. Walker, by way of her firm preserved my confidences, within an attorney-mediator role, and Ms. Walker represents adverse parties *City Pages* and Michael Mullen that exploited information preserved during the same attorney-mediator role, while continuing to do so in this action, *City Pages*, Michel Mullen, and Ms. Walker's adverse pleadings should be stricken, and they should be sanctioned. This is particularly so because *City Pages* and Michael Mullen intentionally chose Lindquist and Vennum/Ballard Spahr to coverup their attorney-mediator violation. *City Pages* and Michael Mullen were aware that Ms. Middlecamp was a source for their article at the outset of this action. *City Pages* and Michael Mullen were also aware they were exploiting information unethically gained during a confidential and privileged attorney-mediator role when they originally published their (false) article on February 22, 2017.

11. In this action alone, Ms. Walker, *City Pages*, and Michael Mullen made several (false) ad-hominem personal attacks directed at me including filing a frivolous Rule 11 sanctions motion to cover up their attorney-mediator violation. This is particularly so because the basis for these (false) ad-hominem personal attacks would never have existed without Ms. Middlecamp attempting to rig every aspect of state court action(s) in favor of Catherine Schaefer, Grace Miller, and herself including likely arranging for current or active partners from her former firm to conduct mediation. At the very least, Ms. Middlecamp maintained knowledge that Lindquist and Vennum partners Michael Olafason and Mark Jacobson conducted mediation on behalf of Ms. Schaefer and Miller.

12. This also included allegations that Ms. Middlecamp conducted extrajudicial communication through her then boss, Deputy Minneapolis City Attorney Mary Ellen Heng, to state court judicial officer Referee Elizabeth Clysdale who either presided over trials or signed *ex*

*parte* orders in the same state court actions.  Specifically, Catherine Schaefer filed yet another bogus police report on December 21, 2017 containing a text message admitting that "Lindsey and Clydesdale (sic) have a mutual bestie and have been hanging out for years. [Brock Fredin is] going down way further than [he] imagined."  This "mutual bestie" is believed to be Mary Ellen Heng or Saint Paul Deputy City Attorney Tara Patet.  Referee Elizabeth Clysdale's last name is likely spelled incorrectly due to autocorrect and its similarities to the Clydesdale name for pure bred horses.  Ms. Schaefer would later admit under oath to sending this text message and filing the bogus police report. (*See* Ex. B.)  In that admission, because I was personally present in state court when Ms. Schaefer made that admission, I directly heard Ms. Schaefer claiming that she received an unknown text message and conducted a conversation including making the above described admission.  Because Ms. Schaefer's admission was made under oath, while I was present in state court, this is not believed to be hearsay or is an applicable hearsay exception.

      13.    Moreover, between July 17-21, 2017, I personally cross-examined Ms. Middlecamp's former boss, Minneapolis City Attorney and current Minnesota Court of Appeals Judge, Susan Segal, in *Middlecamp v. Fredin*, Case No. 62-HR-CV-17-233 ("Middlecamp v. Fredin").  This testimony took place in Referee Clysdale's Ramsey County District Court courtroom while Referee Elizabeth Clysdale presided over the case.  During that cross examination, Referee Clysdale was very bitter, short, and hot tempered with me, often yelling at me while heaping praise and compliments on both Ms. Segal and Middlecamp.  In my gut, I knew something was off.  For example, I thought it odd that Ms. Segal would rather testify and be cross examined by a non-attorney *pro se* litigant in a petty harassment restraining order case than be personally present to oversee the (tragic) unrelated but substantially more serious Justine Ruszczyk-Damond investigation that began on July 15, 2017 and was all over the news that week.

As the FOIA production illustrates, Ms. Middlecamp filed this above described harassment restraining order to further coverup her misconduct including the attorney-mediator violation. The *Middlecamp v. Fredin* order that Referee Elizabeth signed prevented me from disclosing any information related to the attorney-mediator violation:

> Writings or other communications by [Fredin] which are made available for public hearing or viewing and which contain addresses, telephone numbers, photographs or any other form of information by which a reader may contact, identify or locate [Middlecamp] are acts of harassment and are prohibited by this order. Any communications made by [Fredin] under an identity or auspices other than his true name and which refer to [Middlecamp] are acts of harassment and are prohibited regardless of the truth or falsity of any statement made about [Middlecamp].

(*See* https://reason.com/2018/05/08/minnesota-court-apparently-orders-man-no/.) I believe that Referee Clysdale was trying to further coverup misconduct including the Fair Report Privilege taint and attorney-mediator violation. It bears noting, no other order from Referee Elizabeth Clysdale up to that point offered prior restraint.

14. <u>Ms. Walker by way of her firm either destroyed evidence of the attorney-mediator violation or failed to preserve and document the mediation.</u> This further lends credence to Fair Report privilege taint and bad faith. Lindquist and Vennum/Ballard Spahr current and former partners Adam C. Ballinger and K. Jon Breyer have repeatedly threatened to file frivolous sanctions motions against me at the same or similar time that Ms. Walker filed her frivolous Rule 11 sanctions motion in an effort to coverup their attorney-mediator violations and Ms. Middlecamp, Schaefer, and Miller's conduct. This also lends credence that the basis for Ms. Walker's Rule 11 sanctions motion is not fact or merit based and yet another ploy used to intimidate and harass me.

15. Finally, *City Pages* and Michael Mullen published party admission(s) of improper "coaching" in their own article at issue in this action. This further lends credence they were aware of Fair Report taint on February 22, 2017 (nearly two (2) years before this action commenced).

16. For the reasons stated above, I respectfully request that Lindquist and Vennum/Ballard Spahr, including Leita Walker, Christopher M. Proczko, Adam C. Ballinger, and former Lindquist Partner K. Jon Breyer be disqualified from representing adverse parties to me in the Eighth (8th) circuit and that sanctions be granted in its entirety, including striking the Fair Report Privilege as an affirmative defense.

Dated: February 3, 2020
Hudson, WI

s/ Brock Fredin

Brock Fredin
Hudson, WI
(612) 424-5512 (tel.)
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*



---

[1] [redacted] Dorsey Defendants are content to have the Court assume for purposes of deciding Plaintiff's motion that a mediation took place.

# B

Listen Brock, I have a hilarious secret for you. Lindsey and Clydesdale have a mutual bestie and have been hanging out for years. You are going down way further than you imagined. You messed with the wrong women.

7:03 PM

# C

