# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Brock Fredin,

                Plaintiff,

v.

City Pages and Michael Mullen,

                Defendants.

Case No. 19-cv-472 (DWF/TNL)

**ORDER**

Brock Fredin, 1180 7th Avenue, Baldwin, WI 54002 (pro se Plaintiff); and

Christopher Proczko and Mary Andreleita Walker, Ballard Spahr LLP, 80 South Eighth Street, Suite 2000, Minneapolis, MN 55402 (for Defendants).

This matter is before the Court on Plaintiff's Motion to Disqualify and Strike Affirmative Defenses. (ECF No. 67). For the reasons set forth below, the Court will deny the motion.

## I. BACKGROUND

Plaintiff Brock Fredin has filed suit alleging several causes of action related to an article published about him in City Pages. (ECF No. 26). Defendants are represented by attorneys from the law firm Ballard Spahr LLP, which acquired the law firm Lindquist and Vennum in January 2018. (ECF No. 70, p. 1). Fredin has moved to disqualify Ballard and its attorneys from representation here. He also has moved to strike certain statements that Defendants made in a memorandum of law and affidavit that they filed in support of their motion to dismiss.

1

In support of his motion, Fredin alleges that two partners at Lindquist, Michael Olafson and Mark Jacobson, each mediated matters filed in Minnesota state court that related to him. (ECF No. 67, p. 5). He further alleges, "[u]pon information and belief, former Lindquist lawyer[s] provided portions of Plaintiff's confidential information to Defendants, including his email address." (*Id*.).

Ballard records confirm that Olafson and Jacobson volunteered as mediators in Ramsey County on the days that Fredin's matters were heard. (ECF No. 70, p. 5). Neither attorney, however, has any recollection of mediating a matter involving Fredin. (*Id*.). Neither attorney kept any notes or documents received from any mediations at which they volunteered and neither maintained mediation-related files. (*Id*., p. 6). Ballard also has no files related to a mediation conducted by Olafson or Jacobson. (*Id*.).

Fredin also seeks disqualification of Ballard because he claims that former Lindquist associate Lindsey Middlecamp was "the source for Defendants['] article" and that he intends to call Middlecamp as a witness in a trial in a different matter. (ECF No. 67, p. 6). He further notes that a separate group of Ballard attorneys are representing a group of individuals, including Middlecamp, in a separate libel lawsuit that Fredin filed in this district.

Jacobson and Middlecamp left Lindquist before it was acquired by Ballard, while Olafson left shortly after the merger. (ECF No. 70, p. 6). With the exception of conversations related to the investigation of this motion, none of the Ballard attorneys in this case or in the case involving Middlecamp have spoken to Olafson or Jacobson about Fredin or this lawsuit. (ECF Nos. 70-72). Nor have the Ballard attorneys in this case

received any information from those attorneys about Fredin or this lawsuit. (ECF Nos. 70, 72).

## II.   ANALYSIS

Fredin seeks disqualification of Defense counsel under several provisions of the Minnesota Rules of Professional Conduct, which apply to practice in this Court. D. Minn. LR 83.6(d). "A party's right to select its own counsel is an important public right and a vital freedom that should be preserved; the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary." *Macheca Trans. Co. v. Phila. Indem. Co.*, 463 F.3d 827, 833 (8th Cir. 2006). The party moving to disqualify opposing counsel bears the burden of demonstrating that disqualification is required. *Olson v. Snap Prods., Inc.*, 183 F.R.D. 539, 542 (D. Minn. 1998).

Minnesota Rule of Professional Conduct 1.12(a) prohibits a lawyer from representing anyone in "connection with a matter in which the lawyer participated personally and substantially . . . an arbitrator, mediator, or other third-party neutral." If a lawyer is disqualified under this provision, "no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in the matter" unless the disqualified attorney is screened from participation, apportioned no part of the fee from the matter, and written notice is promptly given to the parties and the tribunal. Minn. R. Prof. Cond. 1.12(c).

Fredin's Rule 1.12 argument is without merit. Even if the Court were to assume that Olafson and Jacobson mediated two harassment matters involving Fredin in state court, Fredin has provided no reason for the Court to conclude that those are substantially related

to this lawsuit, which relates to the publication of a newspaper article regarding Fredin. "'To satisfy the substantial relationship test, the moving party must establish that the relationship between issues in the prior and present cases is patently clear [and] the issues involved have been essentially the same.'" *Cook v. City of Columbia Heights*, 945 F. Supp. 183, 187 (D. Minn. 1996) (citation omitted). Fredin has failed to meet this standard. Though he notes that the article at issue in this case references the harassment proceedings, he does not explain how the issues litigated in those cases are the same as those that would be litigated in this defamation matter. Nor has he identified what confidential information Olafson and Jacobson obtained from those mediations or how that information would be relevant to this lawsuit.[1] As a result, the Court concludes that Fredin has not met his burden to justify disqualification of counsel.

Furthermore, even if the matters were substantially related, Rule 1.12 does not apply because neither Jacobson or Olafson are even affiliated with Ballard anymore. *See* Minn. R. Prof. Cond. 1.12(c). Conflicts are imputed under Rule 1.12 only to those attorneys who are employed by a firm who is also associated with the disqualified attorneys. That is not the case here.

Fredin also seeks disqualification under Rules of Professional Conduct 1.9, 1.10, and 3.7. Rule 1.9 governs the duties an attorney owes a former client. Rule 1.10 governs the imputations of conflicts of interest to law firms associated with attorneys who currently

---

[1] The only concrete piece of "confidential information" that Fredin identifies is his email address, which is not confidential, as it is available on the public docket in this matter.

represent or previously represented the client. These two rules do not apply here as Fredin does not claim to be a former or current client of Ballard or Lindquist.

Rule 3.7 does not require disqualification either. Rule 3.7 prohibits only an attorney from acting as an advocate at trial in which the lawyer is likely to be a necessary witness. Fredin does not claim that Defense counsel are necessary witnesses in this action. Furthermore, even if he intended to call a former member of Ballard or Lindquist as a witness in this matter, that would not require disqualification of counsel. Rule 3.7 does not prohibit a lawyer from acting "as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9." Minn. R. Prof. Cond. 3.7(b). Fredin's motion to disqualify fails for this reason as well.

Finally, Fredin asks that the Court to strike certain defenses and assertions pursuant to Federal Rule of Civil Procedure 12(f). Under Rule 12(f), the Court may strike "from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added). Rule 7(a) defines pleadings as complaints, answers, replies to counterclaims, answers to cross-claims, third-party complaints, and third-party answers. In this case, Defendants have not filed a pleading in this matter, but have moved to dismiss the complaint. The statements that Fredin seeks to strike appear in the memorandum of law and declaration supporting the motion to dismiss. A party may not use a Rule 12(f) motion to challenge statements made in a party's memorandum of law or supporting documentation. *VanDanacker v. Main Motor Sales Co.*, 109 F. Supp. 2d 1045, 1047 (D.

Minn. 2000). Accordingly, the Court will deny Fredin's motion to the extent he seeks to strike statements or materials related to the motion to dismiss.

## III. CONCLUSION

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion to Disqualify and Strike Affirmative Defenses (ECF No. 67) is **DENIED**.

2. All prior consistent orders remain in full force and effect.

3. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: February 18, 2020            *s/ Tony N. Leung*
                                   Tony N. Leung
                                   United States Magistrate Judge
                                   District of Minnesota

                                   *Fredin v. City Pages, et al.*
                                   Case No. 19-cv-472 (DWF/TNL)